UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICE EDWARDS,

                *Plaintiff*,

– against –

DOW CENTER; MAXUS ENERGY CORP.; RIVERDALE CHEMICAL CO.; HOFFMAN-TAFF INC.; HERCULES INC./ ASHLAND INC.; MONSANTO CO./ BAYER CORP.; TH AGRICULTURE & NUTRITION CO. INC./ HARCRUS CHEMICAL INC.; DIAMOND SHAMROCK CHEMICALS CO./ VALERO ENERGY CORP.; UNIROYAL INC.; and THOMPSON CHEMICAL CORP.,

                *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04850 (NCM) (JRC)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Patrice Edwards filed this action against the named defendants for alleged injury related to the tactical phenoxy herbicide Agent Orange. Compl. 6–7, ECF No. 1.[1] Defendants bring separate motions to dismiss.[2] Plaintiff opposes the motions to

---

[1] Page numbers for the Complaint, ECF No. 1, and the Opposition, ECF Nos. 53, 63, 65–67, refer to the page numbers assigned in ECF filing headers.

[2] Monsanto Mot. Dismiss ("Monsanto MTD"), ECF No. 48; Dow Mot. Dismiss ("Dow MTD"), ECF No. 49; Harcros Mot. Dismiss ("Harcros MTD"), ECF No. 51; Valero Mot. Dismiss ("Valero MTD"), ECF No. 52.
    Defendants Maxus Energy Corp., Riverdale Chemical Co., Hoffman-Taff Inc., Hercules Inc./ Ashland Inc., Uniroyal Inc., and Thompson Chemical Corp. were not properly served. *See* ECF Nos. 12, 14, 18, 26, 28. In October 2023, the Court gave plaintiff notice of the improper service and warned plaintiff of potential dismissal without prejudice under Federal Rule of Civil Procedure 4(m). *See* Order, ECF No. 25. Because plaintiff has failed to timely serve these defendants, the action against them is dismissed without prejudice.

1

dismiss across multiple filings.³ For the reasons stated below, the Court **GRANTS** dismissal of plaintiff's claims.

## BACKGROUND

Plaintiff is the daughter of a United States Navy veteran. Compl. at 6. Her father's military service included time spent in Guam in the 1960's. Compl. at 6, 14. Plaintiff alleges that her father "said he was exposed by [sic] [A]gent [O]range," and notes that he died in 2000. Compl. at 6. Plaintiff was born in 1970 with a "facial deformity" that resulted in several reconstructive surgeries. Compl. at 6–7. Plaintiff alleges that her condition was caused by her father's exposure to Agent Orange. Compl. at 6.

Agent Orange was a phenoxy herbicide used by the United States to tactically destroy forests, agriculture, and other vegetation during the Vietnam War. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 83 (2d Cir. 2008) ("*Twinam*"). The government purchased Agent Orange from a series of chemical companies subject to government contracts, specifications, and regulations. *Id.*

Military veterans and their families have raised innumerable legal claims arising from the government's use of Agent Orange, asserting a wide range of injuries resulting from exposure to the herbicide.⁴ *Id.* at 84. In 1984, this Court oversaw a settlement of Agent Orange claims brought by a class of people serving "at any time from 1961 to 1972 who were injured while in or near Vietnam by exposure to Agent Orange or other phenoxy

---

³    Opp'n, ECF Nos. 53, 63, 65–67.

⁴    The Court takes judicial notice of the pleadings in all relevant Agent Orange cases. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.")

2

herbicides," and including the "spouses, parents, and children of the veterans born before January 1, 1984 directly or derivatively injured as a result of the exposure." *In re Agent Orange Prod. Liab. Litig.*, 597 F. Supp. 740, 756 (E.D.N.Y. 1984), *aff'd sub nom. In re Agent Orange Prod. Liab. Litig.* MDL No. 381, 818 F.2d 145 (2d Cir. 1987) (the "1984 Decision"). The settlement fund distribution was completed in 1997. *Twinam*, 517 F.3d at 84–85. Thereafter, this Court routinely informed claimants of exhaustion of the settlement and thus the lack of available relief. *See* Dow MTD, Ex. D. (letters from Judge Weinstein to plaintiffs in a range of cases, noting no relief was available).

Plaintiff now brings this action, seeking to "get some of that settlement" or otherwise recover against defendants in a separate action.[5] *See* Compl. at 7.

## STANDARD OF REVIEW

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

---

[5] To the extent that plaintiff seeks part of the 1984 settlement, this relief is unavailable for several reasons. First, plaintiff has not plausibly demonstrated that her father was exposed to Agent Orange and thus would have been eligible for relief as a class member. Second, even if plaintiff's father suffered exposure, the settlement would fail to provide relief to plaintiff in the present day due to the settlement's exhaustion. *Twinam*, 517 F.3d at 84–85.

The Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)); *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion.").

## DISCUSSION

Plaintiff's claims are dismissed in their entirety because they are barred under the relevant statute of limitations and fail to state a claim for relief. The Court also finds that defendant Valero was misjoined.

I.     Statute of Limitations

Plaintiff's claims against defendants for, among other things, "all the medical procedure fees[] [b]ecause they produced [A]gent [O]range" are barred by the relevant statute of limitations.[6] Compl. at 7. Since plaintiff raises claims using diversity jurisdiction and federal courts sitting in diversity generally apply the statute of limitations of the state in which they sit, New York law applies.[7] *See Guaranty Trust Co. of New York v. York*,

---

[6] Plaintiff's complaint does not make clear her allegations against defendants. Nevertheless, because plaintiff is *pro se*, the Court liberally construes her complaint to raise claims for personal injury due to a toxic tort and contact with or exposure to phenoxy herbicides. The Court construes these allegations from plaintiff's complaint because she alleges that defendants produced the toxin Agent Orange, her father was exposed to it, and her birth defect was the result of such exposure. Compl. at 6–7.

[7] The Court construes plaintiff's complaint to raise her claims under diversity jurisdiction since Agent Orange claims do not confer federal question jurisdiction. *See, e.g.*, 1984 Decision, 597 F. Supp. at 754 (noting Agent Orange litigation proceeds on diversity jurisdiction since federal question jurisdiction has been rejected).

4

326 U.S. 99, 110 (1945); *Giordano v. Market America, Inc.*, 599 F.3d 87, 94 (2d Cir. 2010).

Under New York law,[8] claims pursuant to CPLR § 214-c for personal injury caused by "the latent effects of exposure to any substance . . . upon or within the body," or toxic tort claims, must be commenced by three years "from the date of discovery of the injury or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." N.Y. C.P.L.R. 214-c. This limitation may be modified by separate tolling provisions, including CPLR § 208, which tolls claims brought by infants until three years after their eighteenth birthday. N.Y. C.P.L.R. 208. Here, plaintiff's alleged injury occurred at her birth in 1970. Compl. at 8. Thus, the latest plaintiff could have properly brought this claim for injury caused by a toxic tort is 1991, three years after her eighteenth birthday.[9]

Therefore, plaintiff's claims are barred by the statute of limitations.

II. <u>Failure to State a Claim</u>

In addition to plaintiff's claims being barred by the statute of limitations, plaintiff does not and cannot state a claim for recovery from defendants because her complaint does not contain allegations that overcome the government contractor defense nor adequately plead causation.

---

[8] New York law has a separate statute of limitations for phenoxy herbicide exposure, CPLR § 214-b. However, this statute of limitations is only for exposure "while serving as a member of the armed forces of the United States in Indo-China" between 1962 and 1975. Since plaintiff does not allege to have served in the military in the required place and time, this statute of limitations is inapplicable, and the Court analyzes the availability of relief under the general toxic exposure statute.

[9] Although New York law applies, Mississippi law also bars plaintiff's claims because the injury was known at plaintiff's birth and infancy tolling would only extend the limitation to plaintiff's twenty-first birthday. *See* Miss. Code §§ 15-1-49, 59.

The government contractor defense prevents recovery against entities that contract with the government to produce items where: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). Federal courts have held on numerous occasions that claims against the Agent Orange manufacturers are barred by the government contractor defense. *See, e.g.*, *Twinam*, 517 F.3d at 102; *In re Agent Orange Prod. Liab. Litig.*, MDL No. 381., 2009 WL 3242305, at *2 (E.D.N.Y. Oct. 9, 2009); *In re Agent Orange Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 441–42 (E.D.N.Y. 2004). As analyzed at length in *Twinam*, the government contractor defense applies to Agent Orange manufacturers because the government approved the herbicide specifications, Agent Orange met those specifications, and the government knew of risks posed by Agent Orange. *Twinam*, 517 F.3d at 88–102. Therefore, this Court joins this reasoning and finds that the government contractor defense prevents recovery against defendants in this case.

Plaintiff also does not and likely cannot demonstrate the level of causation required to sustain the claim she appears to seek: a toxic tort claim. Like with the statute of limitations, New York law is appropriate here. *See Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010) ("Federal courts sitting in diversity generally apply the law of the state in which they sit."). Under New York law, a plaintiff must establish (1) exposure to the toxin, (2) "that the toxin is capable of causing the particular illness (general causation)" and (3) "that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)." *Parker v. Mobil Oil Corp.*, 7 N.Y.3d 434, 448 (N.Y. 2006).

6

Plaintiff fails to allege facts that would establish general or specific causation. For general causation, courts have acknowledged the difficulty in establishing a causal link between Agent Orange and subsequent health issues. *See, e.g.*, *In re Agent Orange Prod. Liab. Litig.* MDL No. 381, 818 F.2d 145, 172–74 (2d Cir. 1987) (noting causation would be difficult to demonstrate generally or specifically and thus a nominal settlement should be approved); *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1223, 1229–30 (E.D.N.Y. 1985) (granting summary judgment in favor of defendant chemical companies due to lack of "credible evidence of a causal link," including for birth defects). It is therefore unlikely that plaintiff could allege proper causation, and plaintiff does not attempt to do so. Plaintiff instead attempts to provide anecdotal evidence seemingly from articles and social media posts of individuals who are linked in some manner to a range of different herbicides and who have suffered various health ailments. ECF No. 53–2, at 1–3. At most, these allegations suggest correlation between herbicide exposure and some ailments. However, correlation is not causation. Plaintiff's allegations are thus insufficient to show general causation.

Furthermore, plaintiff does not sufficiently allege specific causation through her father's purported exposure to Agent Orange. In fact, plaintiff only notes her father's service in Guam and admits: "I don't know how my father was exposed to Agent Orange." Opp'n at 2, ECF No. 53; *see also* Compl. at 14. Plaintiff thus fails to plead causation for her toxic tort claim.

### III. Misjoinder

In addition to pointing out deficiencies in how plaintiff states her claim, defendants Harcros and Valero each allege that they were misjoined as unrelated parties. Harcros MTD at 6; Valero MTD at 4. Federal Rule of Civil Procedure 21 provides the remedy for

misjoinder: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

In considering the complaint and the factual allegations raised by plaintiff's opposing papers, *see Walker*, 717 F.3d at 122 n.1, the Court refrains from dismissing Harcros as a party under Rule 21. Plaintiff has made several allegations, including that Harcros acquired TH Agriculture & Nutrition and "[t]oday, TH Agriculture & Nutrition remains a subsidiary of Harcros Chemicals, Inc." ECF No. 53–3 at 6. Taken as true, these allegations persuade the Court against dismissal under Rule 21, although for the reasons stated above, plaintiff's claims are still dismissed.

In contrast, the Court finds that dismissal of defendant Valero is appropriate under Rule 21. Plaintiff makes no reference to Valero in the complaint other than the caption. *See generally* Compl. Plaintiff also makes only one reference to Valero in opposition, asserting that "Valero wasn't allow[ed] to reuse the name Diamond Shamrock because of the law" governing debt. ECF No. 66 at 3. This allegation alone does not tie Valero to the alleged harmful conduct. Since plaintiff has failed to associate Valero with the harm she alleges, defendant Valero is dismissed as an improperly joined party.

\* \* \*

The Court on its own finds that dismissal of defendants Maxus Energy Corp., Riverdale Chemical Co., Hoffman-Taff Inc., Hercules Inc./ Ashland Inc., Uniroyal Inc., and Thompson Chemical Corp. (collectively, the "non-appearing defendants") is proper under Federal Rule of Civil Procedure 4(m) because plaintiff has failed to timely serve them. S*ee* ECF Nos. 12, 14, 18, 26, 28. The Court previously gave notice to plaintiff of the possible dismissal based on her failure to serve the above noted defendants, *see* ECF No. 25, and it has been over 90 days since the complaint was filed, *see generally* Compl. Since

plaintiff has not shown good cause for failure to properly serve defendants, dismissal of the non-appearing defendants is proper. Fed. R. Civ. P. 4(m).

## CONCLUSION

For the reasons stated above, the Court dismisses plaintiff's complaint under Federal Rule of Civil Procedure 21 for defendant Valero, Rule 4(m) for defendants Maxus Energy Corp., Riverdale Chemical Co., Hoffman-Taff Inc., Hercules Inc./ Ashland Inc., Uniroyal Inc., and Thompson Chemical Corp., and with prejudice under Rule 12(b)(6) for the remaining defendants.

The Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this Order to plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

                                                                         _/s/ Natasha C. Merle_
                                                                         NATASHA C. MERLE
                                                                         United States District Judge

Dated:       August 7, 2024
                Brooklyn, New York